**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| ANDREW G. HACKETT, ) | CASE NO. 1:12CV737 |
| ) | |
| Petitioner, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| Vs. ) | |
| ) | |
| MAGGIE BRADSHAW, Warden, ) | MEMORANDUM OF OPINION |
| ) | |
| Respondent. ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner Andrew Hackett's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation, and dismisses Petitioner's Petition.

## **FACTS**

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts.

1

On July 26, 2001, a Cuyahoga County Grand Jury charged Petitioner with four counts of Attempted Aggravated Murder, one count of Aggravated Robbery, one count of Felonious Assault, and eight counts of Kidnapping. All counts carried one and three year Firearm Specifications. On February 22, 2002, Petitioner pled guilty to two counts of Attempted Aggravated Murder, one count each of Aggravated Robbery, Felonious Assault, and Kidnapping, including the firearm specifications for each count. On July 12, 2002, Petitioner was sentenced to a total of sixteen years.

On November 19, 2003, Petitioner filed a Notice of Appeal and a Motion for Delayed Appeal with the Court of Appeals for the Eighth Appellate District. The Court of Appeals granted Petitioner's Motion to File a Delayed Appeal. On March 25, 2004, the Court of Appeals dismissed the Appeal for failure to file a brief. The next day Petitioner filed a Motion for Reconsideration, which was granted. On May 21, 2004, Petitioner filed an Appellate Brief. On October 7, 2004, the Court of Appeals affirmed in part and reversed in part, remanding the matter for re-sentencing because the trial court did not make statutorily required findings when imposing consecutive sentences. On November 30, 2004, Petitioner filed a Notice of Appeal with the Supreme Court of Ohio. The Appeal was dismissed as not involving any substantial constitutional question.

On March 20, 2007, two years after Petitioner's Appeal to the Supreme Court of Ohio was dismissed, and after being transported to court for re-sentencing, the trial court issued a journal entry returning Petitioner to the institution for the balance of his sentence. The trial court stated that the remand ordered by the Court of Appeals would require the court to violate the current law regarding sentencing, and therefore, the Court would not re-sentence Petitioner. On August 20, 2008, Petitioner filed a Notice of Appeal and Motion

for Leave to file a delayed appeal with the Court of Appeals.  On September 10, 2008, the Court of Appeals denied the Motion for Leave and dismissed the Appeal.  Petitioner did not file an appeal to the Ohio Supreme Court.  On November 15, 2011, Petitioner filed a Petition for a Writ of Habeas Corpus with the Supreme Court of Ohio.  On January 18, 2012, the Petition was dismissed.

Petitioner filed the instant Petition on March 27, 2012, asserting the following ground for relief:

> **GROUND ONE:** Andrew G. Hackett is unlawfully restrained of his liberty by the Warden of the Richland Correctional Institution, without any legal authority, but under the color of a pretended commitment.
>
> Supporting facts: The Petitioner has never been resentenced as ordered by the Eighth District Court of Appeals on or about October 7th 2004.  Indeed, the Petitioner was returned for resentencing. However, the trial Judge never conducted a resentencing hearing with the Petitioner present; instead, the trial Judge issued an order on March 20, 2007.

On June 20, 2012,  this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation.  The Magistrate Judge issued his Report and Recommendation on December 4, 2012.  On December 18, 2012, Petitioner filed Objections to Report and Recommendation.

## **STANDARD OF REVIEW**

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States."  Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did

3

the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## ANALYSIS

Petitioner contends that because the trial court failed to conduct a proper re-sentencing hearing as mandated by the Court of Appeals, his sentence is void ab initio, and, therefore, the habeas clock has simply never started. Respondent asserts that the Petition is untimely. Respondent also notes that Petitioner did not claim entitlement to equitable tolling in his Petition. However, in his Objections to Report and Recommendation, Petitioner contends he is entitled to equitable tolling because he was diligent in his efforts to litigate the case to the best of his ability. The Magistrate Judge determined that Petitioner's Petition is time-barred.

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337

(1997). The relevant provisions of AEDPA state:

> (d)(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).

The AEDPA tolls the one-year limitations period during the time "'a properly filed application for State postconviction or other collateral review . . . is pending.' § 2244(d)(2)." *Evans v. Chavis,* 546 U.S. 189, 191 (2006); *Carey v. Saffold*, 536 U.S. 214 (2002); *accord Matthews v. Abramajtys*, 319 F.3d 780, 787 (6th Cir. 2003). "The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a

5

notice of appeal, provided that the filing of the notice of appeal is timely under state law." *Id.*

The Magistrate Judge determined that there is a legitimate question as to when the applicable limitations period actually began to run. Because Petitioner is challenging the trial court's failure to re-sentence him pursuant to the state appellate court's mandate and not the original conviction itself, the statute of limitations did not begin to run until thirty days after his conviction became final. Pursuant to 28 U.S.C. § 2244(d)(1)(D), the statute of limitations may commence later than the date when a petitioner's conviction became final if "the factual predicate of the claim or claims presented" was not discovered by a petitioner, acting with due diligence, until a later date.

In *Frazier v. Moore*, 252 Fed. App'x. 1 (6th Cir. 2007), the Sixth Circuit Court of Appeals found that even if a state court judgment was defective, "that does not lead to the conclusion that there was no judgment for the purpose of [AEDPA]'s one year statute of limitations. Many of the petitions cognizable on federal habeas review challenge the validity of the underlying state court judgment. The fact that the state court judgment may have been procured in violation of state or federal law does not, however, render the judgment null under § 2244(d) [of the AEDPA]." *Id.* at 5-6.

The Magistrate Judge correctly concluded that Petitioner knew on March 20, 2007, that the trial judge refused to bring him in the courtroom and re-sentence him. Petitioner claims that he requested a copy of the journal entry several times but did not receive a copy of the March 20, 2007 journal entry until approximately six months later. The Magistrate Judge determined that the factual predicate of his claim became known

6

to him no later than October 19, 2007, approximately six months after the journal entry was issued. The Magistrate Judge further concluded that although Petitioner would receive the benefit of statutory tolling while his Notice of Appeal was pending between August 13, 2008 until September 10, 2008, the statute of limitations expired on November 17, 2008. Almost three more years elapsed until Petitioner's next state court filing on November 15, 2011. The Court agrees that this state habeas application had no tolling effect on the statute of limitations because it had already expired.

Additionally, the Court agrees with the Magistrate Judge that equitable tolling is not appropriate. In *Thomas v. Romanowski*, 362 Fed. Appx. 452, 455 (6th Cir. 2010), the Sixth Circuit declined to give the benefit of equitable tolling where more than three years elapsed between the dismissal of a petitioner's first habeas petition, which was withdrawn, and the filing of a subsequent petition. Despite petitioner's pro se status, the *Thomas* court noted that "[a]lthough it took Thomas roughly four months to return to state court ... the assorted other delays for which Thomas must take responsibility add up to well more than a year. That Thomas navigated an admittedly complicated and changing area of law alone, without the help of counsel, does not change our conclusion." *Id. (citing Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (remarking that "even a pro se litigant ... is required to follow the law" in denying a plaintiff equitable tolling).

The Magistrate Judge correctly points out that in this case, approximately two years and ten months elapsed between the denial of Petitioner's appeal from the trial court's refusal to re-sentence, and his next court filing. Over three years elapsed before he filed the instant Petition. The Magistrate Judge did not count against Petitioner any

of the delay up to the time of the trial court's journal entry, or the six months that it took him to obtain a copy of the journal entry. Even after these events, Petitioner waited over three years after his last Appeal was dismissed to file a habeas petition. Petitioner has not argued that he was ignorant of the filing deadlines, nor would such an argument excuse his untimeliness. *See Rose v. Dole*, 945 F.2d 1331, 1335 (6thCir. 1991) ("ignorance of the law alone is not sufficient to warrant equitable tolling."); *accord Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *Allen v. Bell*, 250 Fed. Appx. 713, 716 (6th Cir. 2007); *Thomas*, 362 Fed. Appx. at 455.

The Court agrees with the Magistrate Judge's position that Petitioner's pro se status alone is insufficient to excuse his untimeliness, as most habeas petitioners are without counsel, and to find otherwise would result in equitable tolling becoming the norm rather than the exception. Further, the Court agrees with the Magistrate Judge that Petitioner has failed to raise a credible claim of actual innocence for the purposes of equitable tolling. Therefore, the Court finds that Petitioner's Petition is time-barred.

For the foregoing reasons, the Court finds the Magistrate Judge's Report and Recommendation accurately and thoroughly addresses Petitioner's arguments. The Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation and dismisses Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody**,** the Court declines to

issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

       IT IS SO ORDERED.


Date:1/16/2013                      <u>s/Christopher A. Boyko</u>
                                  CHRISTOPHER A. BOYKO
                                  United States District Judge